UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lee Williams, | ) C/A No. 4:14-926-DCN-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden, Federal Correctional Institution Estill, | ) |
| | ) |
| Respondent. | ) |

_____

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court *pro se* by a federal prison inmate. Pursuant to 28 U.S.C. § 636(b)(1)(B), and D.S.C. Civ. R. 73.02(B) (2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. See 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Charles Lee Williams ("Petitioner"), a federal prisoner convicted on a guilty plea in the Middle District of Florida ("sentencing court") of one count of conspiracy to possess with intent to distribute and to distribute of 500 grams or more of cocaine and one count of possession of a firearm by a convicted felon, attempts to challenge his conviction by way of a § 2241 Petition. Petitioner is currently an inmate at FCI–Estill, in Estill, South Carolina. He is serving an eighty-four month sentence on each to count, with such terms to run concurrently, entered by the sentencing court on September 16, 2011. He has filed neither a direct appeal nor a § 2255 motion because his plea agreement waived his rights to do so. ECF No. 1, Pet. 2. He asserts that he is actually innocent of

1

the conspiracy charge to which he pleaded because he asserts that his only co-conspirators were government agents and a confidential informant.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti–Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. De'Lonta v. Angelone, 330 F.3d 630, 630n.1 (4th Cir.2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

2

in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; see Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because all of Petitioner's claims are cognizable only under 28 U.S.C. § 2255, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir.1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir.1997). This is exception based on inadequacy or ineffectiveness is referred to as the " § 2255 savings clause."

Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case. Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and

3

sentence is being challenged. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir.1994).

Petitioner's allegations in the Petition under review with regards to his claims of actual innocence all go to the underlying validity of his conviction and sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the § 2255 savings clause by showing that this is an exceptional case where § 2255 is neither an adequate nor effective remedy for those issues. See In re Vial, 115 F.3d 1192 (4th Cir.1977); Tanksley v. Warden, No. 99–4391, 2000 WL 1140751(6th Cir. Aug.08, 2000); Gonzales v. Snyder, No. 00–1095, 2000 WL 636908 (8th Cir. May 18, 2000).

To the extent that Petitioner contends that the fact that he waived his direct appeal and § 2255 motion rights when he pleaded guilty makes the § 2255 remedy ineffective and/or inadequate in his case, this claim is without merit. With regard to the application of the savings clause to § 2241 petitions, it is settled in this circuit that the possibility that a second § 2255 petition filed by Petitioner in the sentencing court might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. See In Re Vial, 115 F.3d at 1194 n. 5; see also Jiminian v. Nash, 245 F.3d 144, 147–48 (2d Cir.2001) (collecting cases). Furthermore, courts in other circuits have ruled that the fact that a petitioner voluntarily waived his or her right to file a § 2255 motion in the sentencing court creates only a procedural bar to using the remedy, but it does not show that the § 2255 remedy is inadequate or ineffective. See, e.g., Rivera v. Warden, FCI, Elkton, 27 F. App'x 511, 515 (6th Cir.2001); *Debolt v. United States*, No. CIV.11–1434 MJD FLN, 2011 WL 2937168

4

(D.Minn. June 24, 2011); Nguyen v. Davis, Civil No. 10–cv–87–BNB, 2010 WL 902481, at *2 (D.Colo.2010); Adams v. Samuels, No. 6:05–689–DCR, 2006 WL 695250, at *3 (E.D.Ky. March 13, 2006). Thus, Petitioner's reliance on the § 2255 savings clause is misplaced.

Finally, to the extent that Petitioner asserts "actual innocence" in this case, it is clear that his claim is facially insufficient to require consideration by this Court. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 139 F.3d 147 (2d Cir.2004) Prisoners such as Petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, i.e., where no appeal was filed and the time for appeal has expired and/or where procedural default has occurred prohibiting a section 2255 motion from being considered. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." Cornell v. Nix, 119 F.3d 1329, 1333 (8th Cir.1997). However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that

5

was not presented at trial"); <u>Doe v. Menefee</u>, 391 F.3d at 161 (quoting <u>Schlup</u> for the evidentiary standard required for a court to consider an actual innocence claim); <u>Thompson v. United States</u>, 211 F.3d 1270 (6th Cir.2000)(Table)(text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice. See *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir.2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir.1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

The Petitioner's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

May 16, 2014  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).